UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiffs, ) | |
| -against- ) | Criminal Docket No.: 21 CR 296 |
| ) | |
| PAUL FISHBEIN ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND RELEASE GRAND JURY TRANSCRIPTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………....i

TABLE OF AUTHORITIES…………………………………………………………..ii

    INTRODUCTION..................................................................................................................1

I.    SUMMARY OF ALLEGATIONS IN THE INDICTMENT……………………….…...1

II.    RELEVANT FACTS...........................................................................................................1

III.    MOTION TO DIMSISS COUNT ONE AND COUNT TWO UNDER RULE 12(b)..........1

        B. *Count one and Count two (Wire and Mail Fraud) are insufficient*...............................*3*

        C. *Count one and Count two must be dismissed as time- barred*.......................................*7*

IV.    MOTION TO RELEASE GRAND JURY TRANSCRIPT..................................................8

    CONCLUSION ………………………………………………………………………..………10

    CERTIFICATE OF SERVICE ……………………………………………………..……..15

# TABLE OF AUTHORITIES

*Cases*

***United States v. Aleynikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010)** ...................................2, 3

Dowling v. United States, 473 U.S. 207, 213, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985)................2

United States v. Pirro, 212 F.3d 86, 91–92 (2d Cir. 2000)............................................................2

United States v. Coffey, 361 F.Supp.2d 102, 111 (E.D.N.Y.2005)................................................2

United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007)..........................................................2

Hamling v. United States, 418 U.S. 87, 117 (1974).......................................................................2

United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008).........................................................2

Russell v. United States, 369 U.S. 749, 768 (1962).......................................................................2

United States v. Binday, 804 F.3d 558 (2d Cir. 2015)................................................................3, 5

Fountain v. United States, 357 F.3d 250, 255 (2d Cir. 2004).........................................................3

United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996)............................................................3

United States v. Starr, 816 F.2d 94, 98 (2d Cir. 1987)...................................................................3

United States v. Novak, 443 F.3d 150, 156 (2d Cir.2006).............................................................3

United States v. Antney, 17-CR-229 (CBA), at *6 (E.D.N.Y. Sep. 30, 2021)...............................3

United States v. Regent Office Supply Co., 421 F.2d 1174 (2d Cir. 1970)................................4, 6

United States v. Wallach, 935 F.2d 445, 463 (2d Cir.1991)...........................................................4

United States v. Shellef, 507 F.3d 82, 108 (2d Cir.2007).......................................................4,5, 6

US v. Mittelstaedt, 31 F.3d 1208, 1218 (2d Cir. 1994)...................................................................5

United States v. King, No. 98-CR-91A, 2000 WL 362026,at *16 (W.D.N.Y. Mar. 24, 2000).....7

Kann v. United States, 323 U.S. 88, 65 S. Ct. 148, 89 L. Ed. 88 (1944).......................................8

McNally v. United States, 483 U.S. 350, 365, 107 S. Ct. 2875, 97 L. Ed. 2d 292 (1987)............8

United States v. Brewer, 528 F.2d 492, 498 (4th Cir.1975)...........................................................8

U.S. v. Brennan, 183 F.3d 139, 147 (2d Cir. 1999)........................................................................8

United States v. Proctor Gamble Co., 356 U.S. 677, 682 (1958).............................................8, 10

United States v. Brown, No. 95 Cr. 168(AGS), 1995 WL 387698,................................................8
United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1990))..........................................................9
Myers. v. Phillips, 02 Civ. 4365, 2007 U.S. Dist. LEXIS 57496, *4 (E.D.N.Y. Aug. 7, 2007)....................................................................................................................................................9
Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 219 (1979)................................................9
ank Brussels Lambert v. The Chase Manhattan Bank, N.A. 174 F.R.D. 306, 309 (S.D.N.Y 1997)....................................................................................................................................................9

United States v. Costello, 221 F.2d 668, 670 (2d Cir. 1955)......................................................9
People v. Howell, 3 N.Y.2d 672, 148 N.E.2d 867, 171 N.Y.S.2d 801 (1958) (dictum)..............9
People v. Sweeney, 213 N.Y. 37, 106 N.E. 913 (1914) (dictum)................................................9
People v. Glen, 173 N.Y. 395, 400, 66 N.E.112, 114 (1903).......................................................9
STATUTES

18 USC 1341....................................................................................................................................5

The Government charges Defendant with scheming to defraud certain agencies of New York City to obtain money for renting properties to homeless and in-need families. Specifically, the Government charges Fishbein with wife fraud; mail fraud and theft of government funds.

**Indictment**

Count one charged Fishbein with wire fraud, from 2013 until present, in order to obtain money and property from NYC Human Resource Administration ("HRA"), NYC Housing Preservation and Development ("HPD") and NYC Housing Authority ("NYCHA") (hereinafter collectively "Agencies"). The Government alleges that Fishbein willfully devised a scheme of falsely claiming, via wire communications or interstate electronic mail, to be the landlord and owner of approximately 19 properties in New York City and renting out the properties to homeless and in-need families.

Count two charges Fishbein with mail fraud, from 2013 until present, fraudulently obtained rental assistance payments from the agencies by mailing packages of paperwork required for their rental assistance programs.

Count three charges Fishbein with theft of government funds from May 2016 until present. The Government alleges that he fraudulently received over $1000 of rental assistance subsidies from HUD.

Count four charges Fishbein with Health Care Fraud. That from 2014 until present, Fishbein received more that $47,000 in Medicaid benefits by means of fraudulent pretenses.

**Motion to Dismiss counts one and two under Rule 12(b)**

Rule 12(b) of the Federal Rules of Criminal Procedure permits pre-trial motion on "any defense, objection, or request that the court can determine without trial of the general issue." On such a motion, "the facts alleged by the government must be taken as true" and courts may not test

the sufficiency of evidence. *United States v. Aleynikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010). "Dismissal is required where the conduct alleged in the indictment as a factual basis for the offence is not actually prohibited by the language of the statute. (*Id* at 176). Since Federal crimes are "solely creatures of statute," (*Dowling v. United States*, 473 U.S. 207, 213, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985)), a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute. *See United States v. Pirro*, 212 F.3d 86, 91–92 (2d Cir. 2000).

Pursuant to Rule 7 of the Federal Rules of Criminal procedure, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." On a motion to dismiss, the court must treat the allegations contained in the indictment as true. See, e.g., United States v. Coffey, 361 F.Supp.2d 102, 111 (E.D.N.Y.2005)

There are also "two constitutional requirements for an indictment: `first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)); see also *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008).

"Indeed, 'an important corollary purpose' of the requirement that an indictment state the elements of an offense 'is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had.'" *U.S. v. Aleynikov*, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010) (citing *Russell v. United States*, 369 U.S. 749, 768 (1962))

***Counts one and two (wire and mail fraud) are insufficient***

"The 'essential elements of' both [mail and wire fraud] offenses are '(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme.'" *United States v. Binday*, 804 F.3d 558 (2d Cir. 2015) (quoting *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004)). A "scheme to defraud" is the first and indispensable element of wire fraud. *See United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996). Fraudulent intent, or the specific intent to harm or defraud the victims of the scheme, is an essential component of the "scheme to defraud" element. *See Id.*; see also United States v. Starr, 816 F.2d 94, 98 (2d Cir. 1987). The allegations relating to the "scheme to defraud" must also reflect the defendants' contemplation of "actual harm or injury to their victims." *United States v. Novak,* 443 F.3d 150, 156 (2d Cir.2006) (emphasis added). "The Government failed to demonstrate the requisite intent to harm because the contractors received all they bargained for, and Novak's conduct did not affect an essential element of those bargains." *Id*. at 159.

"An indictment must 'sufficiently apprise the defendant 'of what he must be prepared to meet." In other words, an insufficient indictment gives too little information for the defendant to present her defense." *United States v. Antney*, 17-CR-229 (CBA), at *6 (E.D.N.Y. Sep. 30, 2021) (internal quotations omitted).

The Government in this case failed to allege a scheme to defraud sufficiently enough for the Defendant to present his defense at trial. More specifically, the government failed to allege that Fishbein intended to harm the government agencies. In addition, the government failed to allege time and location when the defendant allegedly mailed and/or wired documents claiming to be the owner of the properties. Without this essential information the defendant is unable to determine if the allegations in the indictment are time-barred (the statute of limitation for wire and mail fraud is five years).

Count one of the Indictment charged Fishbein with wire fraud, from 2013 until present, to obtain money and property from NYC Human Resource Administration ("HRA"), NYC Housing Preservation and Development ("HPD") and NYC Housing Authority ("NYCHA") (hereinafter collectively "Agencies"). The Government alleges that Fishbein willfully devised a scheme of falsely claiming, via wire communications or interstate electronic mail, to be the landlord and owner of approximately 19 properties in New York City and renting out the properties to homeless and in-need families.

Count two charges Fishbein with mail fraud, from 2013 until present, fraudulently obtained rental assistance payments from the agencies by mailing packages of paperwork required for their rental assistance programs.

The alleged deceit (ownership claim), without more, is not by itself a scheme to defraud. *See United States v. Regent Office Supply Co.*, 421 F.2d 1174 (2d Cir. 1970).

The "right to control one's assets" does not render every transaction induced by deceit actionable under the mail and wire fraud statutes. Rather, the deceit must deprive the victim "of potentially valuable economic information." *United States v. Wallach,* 935 F.2d 445, 463 (2d Cir.1991). "Our cases have drawn a fine line between schemes that do no more than cause their victims to enter into transactions they would otherwise avoid—which do not violate the mail or wire fraud statutes—and schemes that depend for their completion on a misrepresentation of an essential element of the bargain—which do violate the mail and wire fraud statutes." *United States v. Shellef,* 507 F.3d 82, 108 (2d Cir.2007).

Convictions for wire fraud have typically been reversed where "purported victim[s] received the full economic benefit of [their] bargain," *United States v. Binday*, 804 F.3d 558 (2d

Cir. 2015). This is true, even if the alleged victims would not have entered transactions had they been aware of the defendant's deceit. See Id. at 570 n.10.

In *US v. Mittelstaedt*, 31 F.3d 1208, 1218 (2d Cir. 1994), the wire fraud conviction of a Government employee who "concealed [his] ownership interest in property that his [Government] department agreed to purchase" was overturned. There, the Government argued that "it does not matter whether the towns would have suffered some economic loss if the scheme had been successful, because the loss of the `right to control' the expenditure of public funds, through the loss of the ability to make a fully informed decision, is sufficient to constitute mail fraud under § 1341." *Id.* at 1217. The Second Circuit disagreed, and held that "lack of information that might have an impact on the decision regarding where government money is spent . . . is not a tangible harm and therefore does not constitute a deprivation of section 1341 `property' . . . [unless] the information withheld either [is] of some independent value or [] bear[s] on the ultimate value of the transaction." *Id.* Thus, at trial, the Government "had to establish that the omission caused (or was intended to cause) actual harm to the village of a pecuniary nature *or* that the village could have negotiated a better deal for itself if it had not been deceived." *Mittelstaedt*, 31 F.3d at 1217 (emphasis in original).

In the indictment, the government now asserts the very theory of prosecution that the Second Circuit unambiguously rejected in *Mittelstaedt:* deceit about true ownership in itself is not enough to sustain a scheme to defraud required in wire and mail fraud offences.

In *U.S. v. Shellef*, 507 F.3d 82 (2d Cir. 2007), the Court of Appeals concluded that a wire fraud indictment was legally insufficient because it did not allege that "there was a 'discrepancy between benefits reasonably anticipated' and actual benefits received [by the victims]" *Id.*

Defendants were distributors of industrial chemicals and persuaded a company to sell them hundreds of thousands of pounds of a highly regulated chemical by falsely representing that they would not resell the solvent within the United States.

There was evidence at trial, and the indictment alleged, that the alleged victim would not have entered the contract if it had been aware of defendant's intent to sell chemicals domestically. On these facts, the jury returned a wire fraud conviction. The Court of Appeals reversed the conviction and explained that the Government's "no-sale," or right to control theory as alleged in the indictment did not constitute a scheme to defraud within the meaning of the wire fraud statute because the indictment did not allege that the defendants contemplated actual harm to the victims "due to [their] deception," *Id*. at 107-08. The Court of Appeals explained: [t]he jury here might have erroneously convicted [defendants] even though it concluded that the [they] did not misrepresent an "essential element" of the bargain, but rather made "simpl[e] fraudulent inducements to gain access to" victim's products.

Dismissal of the challenged counts is mandated by the holding in *United States v. Regent Office Supply*, 421 F.2d 1174. There, a company selling stationery employed agents who misrepresented their identities to potential customers to ingratiate themselves so that the customer would entertain the agent's offer. *See Regent*, 421 F.2d at 1176. These agents lied about their professions, for example, saying they were doctors seeking to offload stationery or told customers they were in the "difficult situation" of possessing stationery that belonged to deceased third parties and had to dispose of it. *Id*. The Court of Appeals there "concluded that no conviction under the mail fraud statute could stand where the misrepresentation was 'not directed to the quality, adequacy or price of goods to be sold, or otherwise to the nature of the bargain." *United States v. Shellef*, 507 F.3d 82, 108 (2d. Cir 2007) (quoting *Regent*, 421 F.2d at 1179). It is worth noting that

in Regent, the defendants had stipulated that the false representations were "reasonably calculated to induce purchasing agents of ordinary prudence . . . to buy their wares," 421 F.2d at 1181, that is, the Defendants had "an intent to deceive. . . and even to induce" victims to enter the transactions, id. "[W]ithout more," however, the Court found insufficient evidence of the fraudulent intent required by the wire fraud statute. *Id*.

Here, the nature of the alleged bargain between Fishbein and the agencies was that Fishbein would rent out properties to homeless or families-in-need and get reimbursed. Nowhere in the indictment does the government allege that Fishbein failed to deliver his part of the bargain. In fact from the documents produced by the Government, it appears that Fishbein was in fact an owner and/or landlord, who housed intended tenants in the properties.

**Counts one and two must be dismissed as time-barred**

The mail and wire fraud statutes carry a five-year statute of limitations that runs from the date of the charged mailing or wiring. United States v. King, No. 98-CR-91A, 2000 WL 362026, at *16 (W.D.N.Y. Mar. 24, 2000).

The legislative history of the mail fraud statute reinforces the concept that the essential conduct element of the offense is the misuse of mail facilities, not the fraudulent activity itself. The Supreme Court echoed this sentiment in *Kann v. United States,* 323 U.S. 88, 65 S. Ct. 148, 89 L. Ed. 88 (1944), stating that "[t]he federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law." 323 U.S. at 95, 65 S. Ct. 148. "Congress sought to protect the integrity of the United States mails by not allowing them to be used as `instruments of crime.'" *McNally v. United States,* 483 U.S. 350, 365, 107 S. Ct. 2875, 97 L. Ed. 2d 292 (1987) (Stevens, J., dissenting) (citing *United States v. Brewer*, 528

F.2d 492, 498 (4th Cir.1975)). See also *U.S. v. Brennan*, 183 F.3d 139, 147 (2d Cir. 1999) ("…the mail fraud statute…specif[ies] that a crime is committed by the particular acts of depositing or receiving mail, or causing it to be delivered, rather than by the more general and ongoing act of "us[ing] the mails.'")

The indictment is impermissibly vague and alleges a continuous set of mail and wire fraud transactions (misuse of mail facility and wired equipment) ranging from 2013 until the day of the indictment (May 2021). To be timely, these counts must allege conduct that occurred on or after April, 2016.

As such, Defendant respectfully requests that this Court dismiss (and/or strike) allegations of mail and wire fraud that occurred on or before April 2016.

REQUEST TO REVIEW MINUTES OF GRAND JURY PROCEEDINGS

The secrecy of the grand jury proceeding is central to our criminal justice system. See United States v. Proctor Gamble Co., 356 U.S. 677, 682 (1958). As a result, "a party seeking disclosure of grand jury minutes in this Circuit confronts a stringent standard, namely, he must `show a particularized need that outweighs the government's strong interest in secrecy.'" United States v. Brown, No. 95 Cr. 168(AGS), 1995 WL 387698, *7 (S.D.N.Y. June 30, 1995) (quoting United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1990)); see also Fed.R.Crim.P. 6(e)(3)(C)(11) (prohibiting disclosure of matters occurring before a grand jury, except "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury").

Under federal law, "a party seeking disclosure of federal grand jury material must

demonstrate a particularized need." Myers. v. Phillips, 02 Civ. 4365, 2007 U.S. Dist. LEXIS 57496, *4 (E.D.N.Y. Aug. 7, 2007). The reasons typically given for preserving grand jury secrecy are as follows: "(1) To prevent escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to commissions of crime; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 219 (1979). In this case, Fishbein needs the minutes of the Grand Jury Proceedings in support of the motion to dismiss the indictment for lack of evidence and/or material misrepresentations made by any of the witnesses or the Government. See Bank Brussels Lambert v. The Chase Manhattan Bank, N.A. 174 F.R.D. 306, 309 (S.D.N.Y 1997) ("[a] particularized need is typically shown when a party seeks to use 'the grand jury testimony … to impeach a witness., to test his credibility and the like"). To date, the discovery the Government produced to Defendants contained no evidence that would link Fishbein in any way to defrauding the state or federal housing authority in this case. See United States v. Costello, 221 F.2d 668, 670 (2d Cir. 1955) ("the indictment should have been dismissed because no competent evidence was before the grand jury at the inquest."); People v. Howell, 3 N.Y.2d 672, 148 N.E.2d 867, 171 N.Y.S.2d 801 (1958) (dictum); People v. Sweeney, 213 N.Y. 37, 106 N.E. 913 (1914) (dictum); People v. Glen, 173 N.Y. 395, 400, 66 N.E.112, 114 (1903): "[O]ur courts have always asserted and exercised the power to set aside

indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony. Fishbein's ability to defend against alleged falsities in this case outweighs the government's strong interest in secrecy. See Fed.R.Crim.P. 6(e)(3)(C)(11) (prohibiting disclosure of matters occurring before a grand jury, except "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury"); United States v. Proctor Gamble Co., 356 U.S. 677, 682 (1958) (Explaining that the purpose of pretrial discovery is to "make trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

In light of the above, Fishbein requests that the Court order the Government to turn over the minutes of the grand jury proceedings either to the Defendant or to the Court for in camera inspection.

## CONCLUSION

For the foregoing reasons, Mr. Fishbein respectfully requests that the Court grant her motion in its entirety.

Date:   February 10, 2022
        Brooklyn, New York

                                                            Respectfully Submitted,
                                                            Sharova Law Firm

                                                            /s/ Charles Kaser
                                                           ―――――――――――――
                                                           Charles Kaser, Esq.
                                                           Attorney for Defendant Paul Fishbein
                                                           147 Prince Street, 4th Floor
                                                           Brooklyn, NY 11201
                                                           T: (718)-766-5153
                                                           F: (718)-504-3599
                                                           ckaser@sharovalaw.com

CERTIFICATE OF SERVICE

I, Charles Kaser, Esq., hereby certify that on February 10, 2022, a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filling to the following counsel of record:

>Sarah L. Kusher, Esq.
>DOJ- USAO
>Attorney for Plaintiff
>Email: sarah.kushner@usdoj.gov

/s/ Charles Kaser
_____
Charles Kaser, Esq.