UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                *Plaintiff*,

    -against-

PAUL FISHBEIN,

                *Defendant.*

21-cr-296 (PAC)

**OPINION & ORDER**

---

Defendant Paul Fishbein moves to dismiss two counts of wire and mail fraud from an indictment returned against him. He also seeks to inspect the grand jury transcripts related to that indictment. For the reasons stated below, Fishbein's motions are **DENIED**.

## BACKGROUND

Fishbein was initially charged in a four-count Complaint in April 2021. *See* ECF No. 1 (the "Complaint"). One month after the Complaint, in May 2021, a federal grand jury returned an indictment against Fishbein. *See* ECF No. 11 (the "Indictment"). The Indictment contains the same four counts as the Complaint. Count One of the Indictment alleges wire fraud in violation of 18 U.S.C. §§ 1343 and 2; Count Two alleges mail fraud in violation of 18 U.S.C. §§ 1341 and 2; Count Three alleges theft of government funds in violation of 18 U.S.C. § 641; and Count Four alleges Medicaid fraud in violation of 18 U.S.C. § 1347.

Factually, the Indictment claims that Fishbein engaged in two related schemes to defraud the government. First, Fishbein is alleged to have posed as "the landlord and owner of approximately 19" residential properties in order to receive payments from several New York City administrative agencies (the "Agencies"), including the Human Resources Administration ("NYCHRA"), Housing Preservation & Development ("NYCHPD"), and the Housing Authority

("NYCHA"). Indictment at ¶¶ 1–2. Despite not being the landlord or owner of the properties, Fishbein allegedly rented them out to "homeless and in-need families under the auspices of the Agencies' rental assistance programs" and collected rental subsidy payments in the process. *Id.* To participate in these programs, Fishbein allegedly used interstate electronic mail and completed packages of paperwork. *See id.* He received over $1.5 million dollars (including hundreds of thousands of dollars in federal funds) over the course of the scheme. *See* ECF No. 1 (the "Complaint") at ¶ 13. This rental assistance scheme allegedly occurred for around eight years, from at least in or about 2013 until the Indictment was filed. *See* Indictment at ¶¶ 1–2.

Second, Fishbein is alleged to have falsely claimed eligibility for federal Medicaid benefits. *See id.* at ¶ 4. Fishbein allegedly told NYCHRA that he made only around $7,200 a year, despite making hundreds of thousands of dollars a year from the rental assistance scheme. *See* Complaint at ¶¶ 37–42. He allegedly received "more than $47,000 in Medicaid benefits to which he was not entitled." Indictment at ¶ 4. Similar to the rental assistance scheme, Fishbein allegedly committed Medicaid fraud over several years, from at least 2014 to in or about April 2021. *See id.*

## DISCUSSION

### I. Fishbein's Motion to Dismiss Counts One and Two of the Indictment is Denied.

Fishbein challenges Counts One and Two of the Indictment, which allege he committed wire and mail fraud. He does not challenge the remaining counts.

#### A. *Legal Standards*

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it 'first, contains the elements of the

offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

"To satisfy these requirements, an indictment need do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Dawkins*, 999 F.3d 767, 779 (2d Cir. 2021) (quotation marks omitted). The indictment need only allege "the 'core of criminality' the government intend[s] to prove" at trial, and consequently, the indictment is "read . . . to include facts which are necessarily implied by the specific allegations made." *United States v. Rigas*, 490 F.3d 208, 229 (2d Cir. 2007) (citation omitted). Where the charged crime "involves making false statements, the 'core of criminality' is not the substance of the false statements but rather that knowing falsehoods were submitted . . . ." *Id.* (citation and quotation marks omitted).

When evaluating the sufficiency of an indictment, the Court considers the allegations to be true and does not consider any contrary assertions of fact by the defendant. *See United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985). Thus, "[a] defendant challenging the sufficiency of an indictment on a motion to dismiss faces a high hurdle." *United States v. Percoco*, No. 16 Cr. 776 (VEC), 2017 WL 6314146, at *2 (S.D.N.Y. Dec. 11, 2017).

"Courts have generally applied these standards to indictments containing counts of mail and wire fraud" like the counts that Fishbein challenges here. *United States v. Almaleh*, No. 17 Cr. 25 (ER), 2022 WL 602069, at *2 (S.D.N.Y. Feb. 28, 2022); *see also, e.g., United States v. Gatto*, 295 F. Supp. 3d 336, 341 (S.D.N.Y. 2018) (denying motion to dismiss a wire fraud conspiracy indictment that "track[ed] the language of [the federal wire fraud statute]," and

3

reasoning that "extensive factual allegations as to when, how and with whom the alleged scheme was undertaken" were "more than sufficient to inform defendants" of the charge against them).

B. *Counts One and Two of the Indictment are Facially Valid*

Counts One and Two of the Indictment meet—and exceed—the minimal thresholds needed to survive Fishbein's motion to dismiss. The Indictment cites to the wire and mail fraud statutes and essentially tracks their language verbatim.[1] Counts One and Two both allege Fishbein "willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of" wire and mail "for the purpose of executing such scheme and artifice . . . ." Indictment at ¶¶ 1–2.

The Indictment also "state[s] the time and place (in approximate terms) of the alleged crime[s]." *Dawkins*, 999 F.3d at 779. It provides the estimated date ranges of Fishbein's schemes: the rental assistance scheme is alleged to have taken place from around 2013 to 2021, and the Medicaid scheme is alleged to have taken place from around 2014 to April 2021. It further describes the government Agencies that Fishbein allegedly defrauded, as well as the means by

---

[1] The wire fraud statute reads in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. . . .

18 U.S.C. § 1343. The mail fraud statute, 18 U.S.C. § 1341, "use[s] the same relevant language" and therefore courts "analyze" both statutes "the same way." *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017).

4

which he defrauded them—identifying properties in New York City that he (falsely) purported to own for rental assistance purposes and the income that he (falsely) purported to receive for Medicaid purposes. Further specificity about the time and place of Fishbein's alleged crimes is not required. *See Daugerdas v. United States*, No. 09 Cr. 581, 2021 WL 603068, at *7 (S.D.N.Y. Feb. 16, 2021) ("[C]ourts in this District have held that an indictment for mail fraud need not identify the victim, the exact mailing dates, or which materials are alleged to be fraudulent.") (citation and quotation marks omitted).

Fishbein nevertheless maintains that the Indictment fails to allege that he "intended to harm the government agencies." ECF No. 35 (Def.'s Mem. Supp. Mot. Dismiss) at 7. In essence, he contends that he cannot be prosecuted for falsely claiming to own the properties so long as the Agencies still received their end of the bargain—after all, he argues, the properties were still rented to the tenants regardless of their actual owner. Fishbein's theory is premature at this stage. It is true that a scheme to defraud ultimately requires the government to prove that Fishbein "contemplated some actual harm or injury to [his] victims." *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (emphasis removed). But while Fishbein may challenge this aspect of the government's proof later at trial,[2] the Indictment need not allege Fishbein had an intent to harm the Agencies. As discussed above, the Indictment tracks the language of the wire and mail fraud statutes almost verbatim and adequately alleges the essential elements of those statutes, which is all that is required to survive a motion to dismiss. *See United States v. Wey*, No. 15 Cr. 611 (AJN),

---

[2] It is telling that most of the cases Fishbein cites to support this "intent to harm" argument addressed the government's sufficiency of proof at trial rather than the facial sufficiency of an indictment. *See United States v. Binday*, 804 F.3d 558, 579 (2d Cir. 2015) (upholding conviction where "sufficient evidence" supported inference of fraudulent intent); *United States v. Novak*, 443 F.3d 150, 156–57 (2d Cir. 2006) (reviewing government's proof after defendant had been convicted); *United States v. Mittelstaedt*, 31 F.3d 1208, 1218 (2d Cir. 1994) (same); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1179–82 (2d Cir. 1970) (same).

2017 WL 237651, at *9 (S.D.N.Y. Jan. 18, 2017) ("The Court is aware of no authority suggesting that the Government is required to specifically allege contemplated harm in an indictment to sufficiently *state* a violation of [an analogous fraud statute, 18 U.S.C. § 1348], and it will impose no such requirement here.") (emphasis in original); *United States v. Riccio*, 43 F. Supp. 3d 301, 308 (S.D.N.Y. 2014) (rejecting an identical "intent to harm" challenge to an indictment that alleged wire and mail fraud conspiracy despite defendant's argument that customers received the prescription drugs they ordered—that they had received their end of the bargain); *United States v. Ferguson*, 478 F. Supp. 2d 220, 231 (D. Conn. 2007) ("[I]n cases where the indictment does allege a scheme to defraud, the indictment need not separately allege an intent to harm."); *United States v. Martin*, 411 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (indictment's failure to allege "intended harm" was not grounds for dismissal because "the sufficiency of the government's evidence of . . . fraudulent intent is not considered on a motion to dismiss the indictment").

One contrary authority must be addressed. Although the Second Circuit has stated once before that an indictment must "allege that the defendant contemplated actual harm that would befall victims due to his deception in order to meet the 'scheme to defraud' prong," *United States v. Shellef*, 507 F.3d 82, 107 (2d Cir. 2007), the Court finds that proposition unpersuasive. The *Shellef* opinion arose in a very different situation: the appeal in that case had followed a full trial, such that the Second Circuit resolved the appeal on other grounds and addressed the sufficiency of the indictment only in dicta "to guide the district court on retrial." *Id.* at 88. More importantly, that dicta "is dubious" because it relied on *United States v. Novak*, 443 F.3d 150 (2d Cir. 2006), which "only discussed the *proof* that was required for a fraud conviction, not the sufficiency of an indictment." *United States v. Gosy*, No. 16 Cr. 46, 2019 WL 948179, at *4 (W.D.N.Y. Feb. 27, 2019) (emphasis in original) (rejecting *Shellef*'s dicta). The Court therefore joins the other courts

6

in this Circuit which have held that a wire or mail fraud indictment is not insufficient for failing to allege an intent to harm.

Even if an intent to harm *was* required in the allegations, the Complaint suggests that the Agencies gave Fishbein far more than they had bargained for. The Complaint is part of the record and may be used to gauge the specificity of the Indictment. *See Stringer*, 730 F.3d at 124; *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992) ("When an indictment delineates the elements of a charged offense, however concisely, the underlying concerns of proper pleading—notice of the charge to be met and protection against double jeopardy—may be further promoted by a bill of particulars or pre-trial discovery.") (citation omitted). The Complaint alleges that once Fishbein rented the properties to the tenants, he made false statements to receive additional money *beyond* the base rental subsidies. For example, Fishbein allegedly claimed that brokers were used to rent out properties when they were not, whereby he would collect broker's fees from NYCHRA equal to 15 percent of the annual rent. *See* Complaint ¶¶ 7, 11, 20, 25, 33. That representation would go beyond mere deception (about, say, the identity of the broker) to the level of fraud (about whether the broker existed at all) at the heart of the bargain. These allegations support an inference that Fishbein intended to harm the Agencies to his own economic benefit.

"Taking these disclosures into account, it is beyond question that" Fishbein has been "sufficiently informed to defend against the charges and to be protected against the risk of double jeopardy" from the wire and mail fraud counts. *Stringer*, 730 F.3d at 124. At this preliminary stage of Fishbein's proceedings, that is all the Indictment must do.

C. *Counts One and Two will not be Dismissed as Time-Barred*

Fishbein advances one additional argument that the wire and mail fraud counts are time-barred to the extent they occurred before April 2016, five years before the Indictment. Both wire

7

and mail fraud are subject to a five-year statute of limitations. *See* 18 U.S.C. § 3282(a) (setting forth general five-year statute of limitations for non-capital crimes). "In order for the wire [or mail] fraud prosecution to be timely, there must have been at least one use of the interstate wires [or mails] within the applicable limitations period that was 'for the purpose' of executing the fraudulent scheme." *United States v. Mason*, 479 F. App'x 397, 398 (2d Cir. 2012) (citing 18 U.S.C. § 1343).

Here, the Indictment alleges that wirings and mailings continued generally through the limitations period, which must be accepted as true. Identification of specific wirings or mailings is not required to make the Indictment timely. "That the Indictment does not specify particular acts in furtherance of the scheme that took place within the limitations period does not indicate that the Government would be unable to prove the occurrence of such acts at trial, since the Government has not made a full proffer of the evidence it intends to put forth." *United States v. Levine*, 249 F. Supp. 3d 732, 739 (S.D.N.Y. 2017); *see also United States v. D'Amelio*, 683 F.3d 412, 422–23 (2d Cir. 2012) ("[T]he essential elements of the wire fraud crime involve[] wire transfers, not specific wire transfers."). It will be for the jury to decide whether any of Fishbein's alleged wirings or mailings were outside of the limitations period, and "[i]f the government fails to prove at trial that any of the [wirings or] mailings occurred within the limitations period, defendant[] can renew [his] motion. At this point, however, [Fishbein's] challenge to the Indictment is premature." *United States v. Berger*, 22 F. Supp. 2d 145, 153 (S.D.N.Y. 1998); *see also United States v. Kogan*, 283 F. Supp. 3d 127, 135 (S.D.N.Y. 2017) (characterizing a statute of limitations argument as "an affirmative defense to be raised at trial" rather than on a motion to dismiss or strike).

## II. Fishbein's Motion to Release the Grand Jury Transcripts is Denied.

### A. *Legal Standards*

"Grand jury proceedings carry a presumption of regularity." *United States v. Torres*, 901 F.2d 205, 232–33 (2d Cir. 1990) (citation and quotation marks omitted). This presumption can be overcome, and inspection or release of grand jury minutes authorized, when a defendant presents "specific factual allegations of government misconduct." *Id.* However, "[i]t is well established that an indictment valid on its face is not subject to challenge on the ground that the grand jury acted based on inadequate or incompetent evidence." *United States v. Ralston*, No. 19 Cr. 774 (JMF), 2021 WL 5054464, at *1 (S.D.N.Y. Nov. 1, 2021) (citing *United States v. Calandra*, 414 U.S. 338, 345 (1974); *Costello v. United States*, 350 U.S. 359, 363 (1956)).

### B. *Application*

Fishbein contends that he "needs the minutes of the Grand Jury Proceedings in support of the motion to dismiss the indictment for lack of evidence and/or material misrepresentations made by any of the witnesses or the Government." Def.'s Mem. Supp. Mot. Dismiss at 13. This conclusory statement falls short of justifying access to the grand jury transcripts. Fishbein's "lack of evidence" contention is meritless, given that the Indictment is valid on its face. *See United States v. Williams*, 504 U.S. 36, 54–55 (1992) (noting that unsealing grand jury transcripts on lack of evidence grounds "would run counter to the whole history of the grand jury institution, and neither justice nor the concept of a fair trial requires it") (cleaned up) (quoting *Costello*, 350 U.S. at 364). And Fishbein has not presented any specific claims about misrepresentations made by anyone to the grand jury. The grand jury transcripts shall remain sealed.

9

## **CONCLUSION**

Fishbein's motion to dismiss Counts One and Two of the Indictment and his motion to release the grand jury transcripts from his case are **DENIED**. The Clerk of Court is directed to close the motions at ECF number 34.

Dated: New York, New York
April 11, 2022

SO ORDERED

*Paul A. Crotty*
HONORABLE PAUL A. CROTTY
United States District Judge