UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

*-against-*

PAUL FISHBEIN,

*Defendant.*

S1 21 Cr. 296 (PAC)

**OPINION & ORDER**

Defendant Paul Fishbein moves to sever one count of health care fraud from four counts of mail fraud, wire fraud, theft of government funds, and aggravated identity theft. Fishbein argues that the counts were improperly joined or, in the alternative, that severance is necessary to avoid prejudice. The Government opposes the motion. The Government also requests that Fishbein provide adequate pre-trial notice of any advice-of-counsel defense he intends to advance at trial. For the reasons stated below, Fishbein's motion is **DENIED,** and the Government's motion is **GRANTED.**

**BACKGROUND**

Fishbein was initially charged in a four-count Complaint in April 2021. *See* ECF No. 1 (the "Complaint"). In May 2021, a federal grand jury indicted Fishbein, charging him with four counts stemming from the conduct alleged in the Complaint. *See* ECF No. 11 (the "Indictment"). On March 10, 2023, a federal grand jury returned a five-count superseding indictment charging Fishbein with the same four charges, plus an additional charge of aggravated identity theft. *See* ECF No. 77 (the "Superseding Indictment"). Count One of the Superseding Indictment alleges wire fraud in violation of 18 U.S.C. §§ 1343 and 2; Count Two alleges mail fraud in violation of

18 U.S.C. §§ 1341 and 2; Count Three alleges theft of government funds in violation of 18 U.S.C. §§ 641 and 2; and Count Four alleges aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2; and Count Five alleges health care fraud in violation of 18 U.S.C. §§ 1347 and 2.

The Superseding Indictment charges Fishbein with conduct to defraud the government. First, Fishbein is alleged to have posed as "the landlord and owner of certain" residential properties in order to receive payments from several New York City administrative agencies (the "Agencies"), including the Human Resources Administration ("NYCHRA"), Housing Preservation & Development ("NYCHPD"), and the Housing Authority ("NYCHA"). Superseding Indictment ¶¶ 1–2 (the "Rental Scheme"). Fishbein was neither a landlord or owner of the properties, but he allegedly rented them out to "individuals under the auspices of the Agencies' rental assistance programs" and collected rental subsidy and broker payments in the process. *Id.*

Fishbein participated in these programs by using interstate electronic mail and regular mail. *See id.* He received over $1.5 million dollars (including hundreds of thousands of dollars in federal funds) over the course of the scheme. *See* Complaint ¶ 13. He is also alleged to have "knowingly . . . possessed, used, and transferred the names of other persons during and in relation to" the Rental Scheme counts. Superseding Indictment ¶ 4. The Rental Scheme allegedly lasted for approximately eight years, from at least in or about 2013 until May 2021 when the Indictment was filed. *See id.* ¶¶ 1–4.

Second, Fishbein is alleged to have falsely claimed eligibility for federal Medicaid benefits. *Id.* at ¶ 5 (the "Medicaid Scheme"). Fishbein allegedly told NYCHRA that he made only around $7,200 a year, despite making hundreds of thousands of dollars a year from the Rental Assistance scheme. *See* Compl. ¶¶ 37–42. He allegedly received "more than $47,000 in Medicaid benefits

to which he was not entitled." *Id.* ¶ 4; *see also* Superseding Indictment ¶ 5. As also with the Rental Scheme, Fishbein allegedly committed Medicaid Scheme over several years, from at least 2014 to in or about April 2021. Superseding Indictment ¶ 5.

## DISCUSSION

### I. Counts One Through Four Are Properly Joined with Count Five.

Fishbein argues that the Medicaid Scheme (Count Five) is improperly joined with the Rental Scheme (Counts One–Four).

#### A. *Legal Standard*

The Government may join multiple offenses in an indictment or information provided the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) requires only that the joined offenses be "somewhat alike" or have a "general likeness." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (internal quotation marks omitted). Rule 8 provides a "liberal standard for joinder." *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977). Thus, "[j]oinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal citation and quotations omitted).

#### B. *The Rental Scheme Counts Are Directly Connected to the Medicaid Scheme Count*

Fishbein argues because there is only a "tenuous connection" between the counts and that "proof of one scheme is not indispensable to the other," all five counts in the Superseding Indictment are not properly joined. Def. Mot. to Sever at 4, ECF No. 74.

A defendant "may be tried jointly on charges of fraud and charges stemming from the failure to report the proceeds of that fraud" because such charges are "connected with or constitute

parts of a common scheme or plan." *United States v. Khandakar*, 955 F. Supp. 2d 268, 270 (S.D.N.Y. 2013) (collecting cases). The Government charges that Fishbein committed the Medicaid Scheme (Count Five) by failing to disclose the income generated through the Rental Scheme charged in the other four counts. This alone renders joinder proper. *See id.*; *see also United States v. Turoff*, 853 F.2d 1037, 1042 (2d Cir. 1988) (describing the three criteria laid out in Rule 8(a) as separate "tests").

Fishbein's attempts to distinguish *Khandakar* are unpersuasive because the evidence presented in separate trials would not differ. In a trial on the Rental Scheme only, the Government proffered that it would use evidence that Fishbein hid the Rental Scheme proceeds from his Medicaid applications as evidence that he knew the Rental Scheme income was fraudulent. Thus, evidence of the Medicaid Scheme would likely be admissible at least under Rule 404(b). *See* Fed. R. Evid. 404(b)(2); *see also Khandakar*, 955 F. Supp. 2d at 270–71 (noting that Government could use defendant's false Medicaid applications to prove consciousness of guilt for other fraud counts).

And, even assuming Fishbein is correct that the Government could prove the Medicaid Scheme in a separate trial on Count Five alone without evidence from the Rental Scheme, it is not obligated to do so. "Relevant evidence is not confined to that which directly establishes an element of the crime. Instead, to be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *United States v. Ashburn*, 11-CR-030 (NGG), 2015 WL 588704, at *11 (E.D.N.Y. Feb. 11, 2015) (cleaned up and quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). As evidence from the Rental Scheme would—at the very least—add "context and dimension" to the Government's case on the Medicaid Scheme, there is likely overlapping

evidence. Fishbein fails to demonstrate why the Rental Scheme evidence would be inadmissible in a separate trial on the Medicaid Scheme.

The two schemes are also "of the same or similar character." Fed. R. Crim. P. 8(a). Both involve the same individual (Fishbein) allegedly committing similar types of crimes (submitting false statements to a government entity) against the same victim (HRA) during an overlapping time period (2014 through 2021). *See generally* Compl., Superseding Indictment. This is a "general likeness" sufficient to satisfy the "liberal standard" of Rule 8(a). *McGrath*, 558 F.2d at 1106; *see also United States v. Bicher*, 22 Cr. 589 (LGS), 2023 WL 2401374, at *2 (S.D.N.Y. Mar. 7, 2023) (finding fraud counts properly joined when there was, *inter alia*, "some overlap" in the companies involved across both schemes). Joinder is therefore proper under Rule 8(a).

## II. Fishbein Will Not Be Unduly Prejudiced by A Joint Trial

In the alternative, Fishbein argues severance is nevertheless necessary under Rule 14 because he will be unduly prejudiced by a joint trial. He suggests that, because certain evidence would be inadmissible in separate trials, joinder risks conviction based solely on the cumulative effect of the evidence and that he wishes to testify as to the Rental Scheme but not to the Medicaid Scheme.

### A. *Legal Standards*

Federal Rule of Criminal Procedure 14 provides that, even where joinder is otherwise proper under Rule 8, severance may nonetheless be proper "[if] the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government . . ." Fed. R. Crim. P. 14(a). The party seeking severance "must show not simply some prejudice but *substantial* prejudice." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (quoting *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980) (emphasis in original)).

A defendant is "not entitled to severance merely because [he] may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). This high threshold reflects the "well-recognized" principle "that joint trials serve the public interest in economy, convenience, and the prompt trial of the accused." *Turoff*, 853 F.2d at 1039. Thus, the "'principles that guide the district court's consideration of a motion for severance usually counsel denial' of a motion on prejudice grounds." *United States v. Hudson*, 19 CR 496-01 (CM), 2021 WL 839438 at *3 (S.D.N.Y. Mar. 4, 2021) (quoting *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)).

A defendant seeking severance bears the "heavy burden of showing that joinder will result in 'substantial prejudice.'" *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994) (quoting *Turoff*, 853 F.2d at 1043). Even in the rare instance where a defendant shows a "high" risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. Prejudice of joinder "is largely absent in situations where evidence of separate crimes would be admissible anyway." *United States v. Halper*, 590 F.2d 422, 431 (2d Cir. 1978). "Rule 14 leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Page*, 657 F.3d at 129.

A defendant who claims joinder is prejudicial because he intends to testify on some but not all counts in the indictment must "make[] a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Sampson*, 385 F.3d at 191 (quoting *Werner*, 620 F.2d at 930). A defendant must make a "particularized showing . . .concerning the testimony" he "wishes to give and his reasons for remaining silent on the joined counts," which allows the Court to "make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interest favoring

joinder." *Werner*, 620 F.2d at 930 (quoting *United States v. Jamar*, 561 F.2d 1103, 1108 n.9 (4th Cir. 1977).

B. *Spillover Prejudice*

Fishbein has not met his "heavy burden" of demonstrating that a joint trial of both schemes would substantially prejudice him. As noted above and contrary to Fishbein's conclusory allegation, evidence of the Medicaid Scheme is likely admissible in a separate trial on the Rental Scheme. *See* Fed. R. Evid. 404(b). Nor is the Court persuaded that joinder is substantially prejudicial based on Fishbein's speculation that *if* he is acquitted on the Rental Scheme (which in Fishbein's scenario must, by necessity, occur first), it would be "highly unlikely" that the Government could present evidence of the Rental Scheme in a later trial on the Medicaid Scheme. Other than citing broadly to Rule 404(b), Fishbein does not explain why such evidence would be inadmissible; as the Court noted above, evidence of both schemes is likely admissible in separate trials on either.

Nor is a defendant "entitled to severance merely because [he] may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540. Fishbein's proposal tacitly concedes that the evidence is not facially prejudicial, but only may become prejudicial if he is acquitted. But he has not cited a single case to support his proposition that the Court must analyze prejudice premised on the prerequisite condition that one trial must be held first and must result in an acquittal. "While there is little doubt" that Fishbein may "be better off if the jury did not hear all the bad things he is alleged to have done in each of the counts[,] that is not the type of prejudice that warrants severance." *United States v. Felder*, S2 14 Cr. 546 (CM), 2016 WL 1659145, at *4 (S.D.N.Y. Apr. 22, 2016).

Finally, even assuming such prejudice existed, Fishbein has not established that it could not be rectified by limiting instructions to the jury. *See United States v. Buyer*, 22 Crim. 397, 2023 WL 1381970, at *1 (S.D.N.Y. Jan. 31, 2023) ( "Juries are not only able to compartmentalize evidence as required, but do it with care and, frequently, visible results in the form of verdicts that distinguish among counts."(cleaned up)). Absent such a showing, the Court finds severance is not warranted.

C. *Potential Testimony*

Nor is the Court persuaded that severance is warranted because of Fishbein's purported desire to selectively testify.[1] As the Court directed, Fishbein submitted a letter, *ex parte* and under seal, outlining why he wanted to testify in his defense as to the Rental Scheme but not to the Medicaid Scheme. [redacted]

[1] The Court permitted Fishbein to submit his proposed testimony *ex parte* and under seal. *See United States v. Hudson*, No. 19-CR-496-01 (CM), 2021 WL 839438 (S.D.N.Y. 2021). The Court thus submits a redacted version of its Order, to remain under seal until the resolution of Fishbein's case, at which point the Court will publicize its full Order. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).



. Counts One–Four will not be severed from Count Five.

## III. Government's Request for Notice of Any "Advice-of-Counsel" Defense

The Government also requests that Fishbein provide notice of any plan to waive the attorney-client privilege and assert an of advice-of-counsel defense. *See* Gov't Mot. in Limine, ECF No. 80. The Government's motion is **GRANTED**. Fishbein is ordered to provide pre-trial notice to both the Government and the Court no later than Tuesday, April 4, 2023, of whether he plans to rely on an advice-of-counsel defense. *See United States v. Scali*, No. 16 Cr. 466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) *judgment aff'd* 820 F. App'x 23 (2d Cir. 2020) (summary order), ("[A] defendant must clearly elect whether it will raise an advice-of-counsel defense . . . in time

to allow for [necessary] discovery."). The Court continues to reserve judgment on the parties' remaining motions *in limine*.

**CONCLUSION**

Fishbein's motion to sever Counts One–Four and Count Five is **DENIED.** The Government's request for pre-trial notice of any advice-of-counsel defense is **GRANTED.** Fishbein is ordered to provide pre-trial notice to both the Government and the Court no later than Tuesday, April 4, 2023. The Clerk of Court is directed to close the motion at ECF No. 74.

Dated: New York, New York
March 31, 2023

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge