UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                  :
                                           :
                                           :   S1 21 Cr. 296 (PAC)
                                           :
       - v -                               :   **ORDER**
                                           :
PAUL FISHBEIN,                             :
                                           :
              *Defendant.*                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      This Order summarizes the Court's rulings on several pretrial matters announced at the final pretrial conference held on April 5, 2023.

      1.    The Court **GRANTS IN PART** and **DENIES IN PART** the Government's First Motion *in Limine* (*see* Gov't Mem. at Part I, ECF No. 80) to admit evidence of Defendant's 2017 guilty plea for criminal possession of a forged instrument in the second degree under New York state law ("2017 Conviction"). The Court **DENIES** the Government's request to admit the 2017 Conviction as direct evidence because it did not "[arise] out of the same transaction or series of transactions as the charged offense, [is not] inextricably intertwined with the evidence regarding the charged offense, [and is not] necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000). The Court **GRANTS** the Government's request in the alternative to admit the 2017 Conviction under Rule 404(b) because it is probative of the Defendant's knowledge, intent, or absence of mistake. The Court also **GRANTS** the Government's request to admit the Defendant's plea allocution as admissible as a statement offered against an opposing party under Rule 801(d)(2)(A). To the extent there is any risk of prejudice, that risk may be addressed in a limiting instruction. The Defendant should submit a limiting instruction, should he so choose, by Wednesday, April 12, 2023.

      2.    The Court **RESERVES JUDGMENT** as to the Government's Second Motion *in*

*Limine* (*see* Gov't Mem. at Part II) to preclude evidence and argument related to the Defendant's prior commission of good acts, including any business involving other properties and failure to commit other bad acts. The Defendant stipulates that he does not seek to admit specific pertinent traits or good acts related to his prior history but may wish to discuss his background and business dealings if he decides to testify. The Court will consider any proposed evidence or testimony in the context of the trial.

3. The Court **GRANTS** the Government's Third Motion *in Limine* (*see* Gov't Mem. at Part III) to preclude evidence and argument that the Agencies failed to detect or stop the Defendant's fraud; share blame for the Defendant's fraud; or were otherwise negligent towards the Defendant's fraud, including any evidence or argument that continued payments by the Agencies after the Defendant was indicted proves the Defendant's innocence.

4. The Court **RESERVES JUDGMENT** as to the Government's Fourth Motion *in Limine* (*see* Gov't Mem. at Part IV) precluding the Defendant from arguing that the victims got what they bargained for.

5. The Court **GRANTS** the Government's Fifth Motion *in Limine* (*see* Gov't Mem. at Part V), to admit into evidence a 2018 civil court record affecting the 608 Van Buren Property as non-hearsay under Rules 803(14) and (15). The order is probative of the Defendant's knowledge that he was not the rightful owner of the 608 Van Buren Property and is not unfairly prejudicial.

6. The Court **RESERVES JUDGMENT** on the Government's Sixth Motion *in Limine* (*see* Gov't Mem. at Part VI) to preclude the Defendant from cross-examining Government witness Erica Yitzhak on certain lawsuits in which she was involved and from cross-examining a potential Government witness-notary on certain convictions for grand larceny.

7. The Court previously **GRANTED** the Government's Seventh Motion *in Limine* (*see* Gov't Mem. at Part VII) requesting that the Defendant give notice of any advice-of-counsel defense. *See* Opinion & Order, ECF No. 99. The Defendant is directed to provide notice of any additional attorneys—other than Erica Yitzhak—that the Defendant intends to rely on for his defense by Friday, April 7, 2023. The Defendant is further directed to provide to the Government, expeditiously and on a rolling basis, copies of relevant documents and materials. The Court continues to **RESERVE JUDGMENT** on the Government's Motion *in Limine* seeking to preclude Defendant's advice-of-counsel defense. *See* ECF No. 102.

8. The Court **RESERVES JUDGMENT** on Defendant's First Motion *in Limine* (*see* Def's Mem. at Part II, ECF No. 81), to preclude the Government from referencing the conditions of the properties, any alleged exploitation of the tenants, or any eviction proceedings. The Court will evaluate the issues as they arise, in the context of trial.

9. The Court **DENIES** Defendant's Second Motion *in Limine* (*see* Def.'s Mem. at Part III) to preclude reference to the total loss amount. Provided the Government relies on evidence to support its figure, the total loss amount is relevant and not unfairly prejudicial.

The Court of Clerk is respectfully directed to close ECF Nos. 80 and 81.

Dated: New York, New York
April 10, 2022

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge

3