UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ UNITED STATES OF AMERICA,                     │
│                                               │
│              -against-                        │
│                                               │
│ PAUL FISHBEIN,                                │
│                                               │
│                        Defendant.             │
└─────────────────────────────────────────────┘
```

S1 21-cr-296 (PAC)

**ORDER**

On March 13, 2023, the Government moved *in limine* to direct Defendant Paul Fishbein to provide notice and discovery related to any proposed advice-of-counsel defense. *See* ECF No. 80. The Court subsequently granted the Government's request and directed the Defendant to provide notice and the names of any attorneys he intended to rely on for an advice-of-counsel defense.[1] *See* Order, ECF No. 103. The Court also directed the Defendant to "provide to the Government, expeditiously and on a rolling basis, copies of relevant documents and materials," as it relates to his advice-of-counsel defense. *Id.* The parties agreed that the production would be completed by Friday, April 14, 2023. *See* Gov't Mot., ECF No. 102; Def. Mot., ECF No. 104.

Notwithstanding this agreed-upon schedule, on April 9—nearly one week before the Defendant was directed to complete his production—the Government sought to move *in limine* to preclude Defendant's advice-of-counsel defense. *See* Gov't Mot, ECF No. 102. The Court continues to reserve judgment on this motion. "A defendant has a fundamental due process right

---

[1] To benefit from an advice-of-counsel defense, "a party must show that he (1) 'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly la[id] all the facts before his counsel'; and (3) 'in good faith and honestly follow[ed]' counsel's advice, believing it to be correct and intending that his acts be lawful." *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (quoting *Williamson v. United States*, 207 U.S. 425, 453 (1908)).

to present a defense. That right, of course, is not absolute, for a defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability." *United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013) (internal quotation and citations omitted). However, while a court may preclude an affirmative defense by granting a motion *in limine,* the "sole question presented in such situations is whether the evidence, as described by the defendant is insufficient as a matter of law to support the proffered defense. Of importance, evidence should be excluded on a motion *in limine,* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Scully*, No. 14-cr-208(ADS), 2015 WL 5826493, at *2 (E.D.N.Y. Oct. 6, 2015) (cleaned up).

The Court appreciates the efforts of both parties in coordinating the disclosure in a timely manner, particularly considering the impending trial date. To that end, the Court would appreciate the courtesy of receiving an additional update from the Defendant by this Friday, April 14, 2023 at 10 am EST, regarding (1) the productions made to the Government to date regarding Defendant's proposed advice of counsel defense; (2) whether the Defendant, after having had the opportunity to review and disclose the relevant discovery will continue to seek to put forth an advice of counsel defense and, if yes, (3) a description of the evidence that the Defendant believes will support its proffered defense, including potential witnesses. *See United States v. Ray*, 20-cr-110 (LJL), 2021 WL 5493839, at *7 (S.D.N.Y. Nov. 22, 2021). The update will provide the Court with both context and adequate time to evaluate the evidentiary issues raised by the Government.

Dated: New York, New York
     April 12, 2022

SO ORDERED

*[signature]*

_____
HONORABLE PAUL A. CROTTY
United States District Judge

2