UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :
                                             :
                                             :        S1 21 Cr. 296 (PAC)
                                             :
        - v -                                :        **ORDER**
                                             :
PAUL FISHBEIN,                    :
                                             :
                    *Defendant.*             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

On March 13, 2023, the Government moved *in limine* to preclude cross-examination of Government witness Erica Yitzhak about four lawsuits she was involved in. *See* Gov't Mot., ECF No. 80. The Court reserved judgment on the ruling. *See* Order, ECF No. 103. On April 19, 2023, the Government supplemented their *limine* motion for a ruling from the Court in advance of Yitzhak's testimony—scheduled for tomorrow afternoon. The Government also disclosed two additional lawsuits involving Yitzhak and sought to preclude cross examination on those as well. The Defendant seeks the ability to cross examine Yitzhak on prior lawsuits which involve her but have nothing to do with Fishbein or the matters in suit here. The Court **GRANTS** the Government's motion to preclude the defense from questioning Yitzhak on cross-examination about the six lawsuits indicated in the Government's April 19, 2023, motion.

Courts retain "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on [] cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003) (internal quotations omitted). "Further, under Rule 403, the district court may exclude even relevant evidence if it finds the probative value of the testimony is substantially outweighed by the danger

of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* (cleaned up).

Five of the six lawsuits at issue were dismissed with no findings of liability against Yitzhak and offer little probative value. *See United States v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989). While the sixth allegation (a legal malpractice claim premised on negligence) resulted in a judgment entered against Yitzhak, such a claim likewise has no bearing on Yitzhak's credibility. Further, none of the six lawsuits involve the Defendant or the underlying charged conduct. Allowing the defense to cross-examine Yitzhak about these lawsuits would be an undue waste of time, cause a mini trial within a trial against a non-defendant witness, is substantially prejudicial and inflammatory, and poses a serious risk of confusing the jury. *See* Fed. R. Evid. 403, 608(b), 611; *see also United States v. Dekattu*, No. 18 Cr. 474 (ARR), 2019 WL 885620, at *1 (E.D.N.Y. Feb. 22, 2019); *McLeod v. Llano*, No. 17 Civ. 6062, 2021 WL 1669732, at *10 (E.D.N.Y. Apr. 28, 2021). Even with the preclusion ordered here, Fishbein will have ample opportunity to cross-examine Yitzhak on a wide range of topics involving Fishbein, Yitzhak, and the charges in litigation here.

In conclusion, the Court **GRANTS** the Government's motion to preclude cross-examination of Erica Yitzhak on the six disclosed lawsuits. The Court of Clerk is respectfully directed to close ECF No. 108.

Dated: New York, New York
      April 19, 2023

SO ORDERED

HONORABLE PAUL A. CROTTY
United States District Judge

2