UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                 :
                                          :
                                          :      S1 21 Cr. 296 (PAC)
                                          :
        - v -                             :      **ORDER**
                                          :
PAUL FISHBEIN,                            :
                                          :
                        *Defendant.*      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

On April 20, 2023, the parties agreed to brief evidentiary issues related to a proposed defense witness. *See* Apr. 20, 2023, Trial Tr., 552:17–558:15. Later that evening, the Defendant submitted a letter motion outlining his subpoenas to testify issued to certain government investigators involved in the underlying investigation. *See* Def. Letter Mot., ECF No. 112. Specifically, the Defendant expects at least one witness will reveal that "another actor known to Mr. Fishbein was engaged in a complex fraud involving the sale of stolen properties by forging deeds and conducting sham closings . . . [to] corroborate Mr. Fishbein's defense that he was a bona fide purchaser of the properties" that the Government's fraud case is premised on. *Id.* This individual—Kajetan Belza—proffered four times with the Government, but died last year. *See* Gov't Letter Mot., ECF No. 113. The Government seeks to preclude the Defendant from offering Belza's proffer statements into evidence because they are inadmissible hearsay. The Court agrees; the Defendant is free to call the investigator but may not elicit testimony regarding any of Belza's four proffers with the federal government.

"Supreme Court precedent makes clear that a criminal defendant is entitled by the Constitution to a meaningful opportunity to present a complete defense." *Wade v. Mantello*, 333 F. 3d 51, 57 (2d Cir. 2003). "The right to call witnesses in order to present a meaningful defense

at a criminal trial is a fundamental constitutional right secured by both the Compulsory Process Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment." *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001). "A defendant's right to present relevant evidence is not, however, unlimited; rather it is subject to reasonable restrictions. Central among these restrictions are state and federal rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Wade*, 333 F.3d at 58 (internal quotations and citations omitted).

Because of the potential consequences for lying and the benefits of a potential proffer, Belza's statements made during proffer sessions[1] to the Government are not statements against penal interest. *See* Fed. R. Evid. 804(b)(3); *United States v. Ulbricht*, 858 F.3d 71, 122 (2d Cir. 2017) ("Given the cooperation agreement, the government's role at Jones's future sentencing, and the penalties for lying to the government, it is far from clear that it was against Jones's interest to disclose details of his criminal activities at the time the statement in question was made."). The Court also declines to apply Rule 807 to Belza's proffer statements. *See Ulbricht*, 858 F.3d at 123 ("We are loath to assume that a statement made by a criminal in debriefings to the government pursuant to a cooperation agreement is categorically 'particularly trustworthy', as Rule 807 requires"). At the very least, it is readily apparent that the Defendant failed to provide adequate notice as required under Rule 807(b). *See* Gov't Letter Mot. at 1. The proffers are therefore inadmissible hearsay. *See* Fed. R. Evid. 802.

The Court reiterates that its evidentiary ruling, however, should not be construed to preclude the Defendant from putting on a full defense, provided he complies with the Federal Rules

---

[1] Although the Defendant correctly notes that only the first proffer session is explicitly indicated as being subject to the proffer agreement and that the proffer is unsigned, this lack of formality is irrelevant. The concerns counseling against applying Rule 804(b)(3) to formal cooperation agreements are present here even without formal, signed proffers for each session.

of Evidence. The Defendant, for example, is free to present evidence regarding Belza's alleged real estate fraud through other, permissible means. *See, e.g., Williamson v. United States*, 512 U.S. 594, 601–02 (1994) ("[A] statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to quality as against interest . . . On the other hand, the same words spoken under different circumstances, e.g., to an acquaintance, would have no difficulty in qualifying . . . ." (alteration in original)).

In conclusion, the Court **GRANTS** the Government's letter motion to preclude the Defendant from offering Belza's proffer statements into evidence, through a case agent or any other way.

Dated: New York, New York
April 21, 2023

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge