UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

                                           S1 21 Cr. 296 (PAC)

- v -                                **ORDER**

PAUL FISHBEIN,

                  *Defendant.*
------------------------------------- x

On April 26, 2023, the Government presented its summation and argued that the jury could convict the Defendant of Count One (wire fraud) and/or Count Two (mail fraud) if the jury found the existence of a scheme to defraud various New York City agencies ("the Agencies") of rental assistance subsidy payments *or* broker's fees. *See* Tr. 1155:15–1116:2. After the summation concluded, the Defendant objected to the Government's disjunctive characterization. Rather, the Defendant asserts that the language of the Superseding Indictment requires that the jury must find the scheme consisted of defrauding the Agencies of both subsidy payments and broker's fees and that to do otherwise would constructively amend the Superseding Indictment. *Id.* 1158:3–1164:2.[1]

The Court overruled the Defendant's objection. *Id.* 1164:3–6. The Government was required to charge the Superseding Indictment in the conjunctive "to inform the accused fully of the charges" against him. *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995) (internal

---

[1] Count One of the Superseding Indictment provides that "to wit, FISHBEIN engaged in a scheme where he fraudulently obtained money from [the Agencies] by falsely claiming to be the landlord and owner of certain properties . . . that he did not own and renting out the Properties to individuals under the auspices of the Agencies' rental assistance programs, *and* by falsely claiming to have used a broker in connection with renting out the Properties . . . ." ECF No. 77 (the "Superseding Indictment") (emphasis added). Count Two provides that "to wit, FISHBEIN fraudulently obtained payments, including rental assistance subsidy payments *and* broker's fees, from the Agencies . . . ." *Id.* (emphasis added).

quotation marks, citations, and alterations omitted). The Government was then free to argue the fraud in the disjunctive, without constructively amending the Superseding Indictment. *See United States v. Mejia*, 545 F.3d 179, 208 (2d Cir. 2008). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 134–36 (1985) (affirming conviction for mail fraud on the grounds that the "facts at trial clearly conformed to one of the theories of the offense contained within [the] indictment . . .").

Nor was the Defendant deprived of adequate notice. By describing the fraud as premised on obtaining rental payments and broker's fees, the Superseding Indictment "fully and clearly set forth a number of ways in which the acts alleged constituted violations." *Id.* at 134. The jury therefore may properly convict on "a criminal plan narrower than, but fully included within, the plan set forth in the indictment." *Id.* at 138. Thus, "no constructive amendment occur[ed] . . . because narrowing the scope of an indictment . . . does not offend the notice and review functions served by a grand jury's issuance of an indictment." *United States v. Wallace*, 59 F.3d 333, 337 (2d Cir. 1995) (cleaned up). The Defendant's objection is overruled.

Dated: New York, New York
      April 27, 2023

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge