UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

  - v. -

PAUL FISHBEIN,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

21 Cr. 296 (PAC)

      WHEREAS, on or about March 10, 2023, PAUL FISHBEIN (the "Defendant"), was charged in a five-count Superseding Indictment, 21 Cr. 296 (PAC) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Two); theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2 (Count Three); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Four); and health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count Five);

      WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Five of the Indictment;

WHEREAS, on or about April 27, 2023, the Defendant was found guilty, following a jury trial, of Counts One through Five of the Indictment;

WHEREAS, on or about November 17, 2023, following a hearing, the Court found that the Defendant owes forfeiture in the total amount of $1,894,644.01;

WHEREAS, the Government asserts that $1,609,813.61 in United States currency represents any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that $235,305.60 in United States currency represents any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government asserts that $49,524.80 in United States currency represents any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Five of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the total amount of $1,845,119.21 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), representing any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government further seeks a money judgment in the amount of $49,524.80 in United States currency, pursuant to Title 18, United States Code, Section 982(a)(7), representing any and all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Five of the Indictment, that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, and that the proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $1,845,119.21 in United States currency (the "First Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count Five of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $49,524.80 in United States currency (the "Second Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Five of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, PAUL FISHBEIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding First and Second Money Judgments shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the First and Second Money Judgments in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the First and Second Money Judgments.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate,

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
~~December __, 2023~~
Feb 12, 2024

SO ORDERED:

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE