UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          -against-<br><br>PAUL FISHBEIN,<br>                                          Defendant. | 21-cr-296 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    Defendant Paul Fishbein was convicted on five counts arising from a scheme to defraud two New York City agencies of rental subsidy payments and brokers' fees and a scheme to defraud Medicaid. Dkt. 120. He was sentenced to 70 months' imprisonment. Dkt. 165.

    After the conviction, Judge Crotty ordered Fishbein's remand. Trial Tr. 1282. Fishbein subsequently filed a notice of appeal from his conviction, Dkt. 149, which remains pending before the Second Circuit, *see* Order, *United States v. Fishbein*, No. 24-472 (2d Cir. Aug. 9, 2024), ECF No. 25. Fishbein's merits brief in that appeal is currently due September 6, 2024. *Id.*

    In May of 2023, this matter was transferred to me. On the same day, Fishbein moved for bail pending appeal. Dkt. 171. That motion is denied.[1]

    Under the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless the Court makes certain findings by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1)(A). As interpreted by the Second Circuit, district courts may only grant bail pending appeal where they make all four of the following determinations:

    (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

    (2) that the appeal is not for purpose of delay;

    (3) that the appeal raises a substantial question of law or fact; and

    (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

---

[1] Fishbein filed the motion for bail pending appeal pro se. In the same motion, he moved for the appointment of CJA counsel, which the Court granted. Once counsel was appointed, the Court gave counsel the opportunity to submit a reply brief. *See* Dkts. 185, 189. Counsel informed the Court that it would rest on Fishbein's initial submission. Dkt. 190.

*United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). "[T]he burden of persuasion rests on the defendant" to demonstrate that each of these four requirements is met. *Id.*

Fishbein has not met this burden for numerous reasons. First, Fishbein has not shown by clear and convincing evidence that he is not a flight risk. As demonstrated by the facts that emerged in this case, Fishbein has a history of unlawfully using other people's identities and falsifying documents, which makes it difficult to trust that he will not flee. *See, e.g.*, Trial Tr. 880:8–883:5; Sent'g Tr. 34:12–35:6 (Judge Crotty discussing evidence of identity theft); PSR at 14; *cf. United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) (holding that district court "reasonably found that [defendant's] perjury conviction makes it difficult to trust his promise that he will not flee"). In addition, as Judge Crotty previously found, Sent'g Tr. 33:7–35:16, there is evidence of obstruction of justice, which "demonstrates a disdain for the judicial process and an unwillingness to comply with court orders, and constitutes evidence that a defendant is a risk of flight," *United States v. Amanat*, 454 F. Supp. 3d 358, 363 (S.D.N.Y. 2020). The Court acknowledges Fishbein's argument that he previously complied with conditions of bail. But Fishbein has now been sentenced to a significant term of imprisonment, a fact that "[c]ourts in this Circuit have frequently concluded … may weigh in favor of finding that a defendant is more likely to flee than before learning of their sentencing fate." *United States v. Rahmankulov*, 2023 WL 3479696, at *3 (S.D.N.Y. May 16, 2023); *see also United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018). The Court also acknowledges that Fishbein may no longer have the same financial resources at his disposal as he once had. However, considering all the countervailing evidence bearing on the risk of flight, the Court still finds that Fishbein has not met his burden, especially given that Fishbein's underlying convictions involved schemes to defraud.

Fishbein also fails to show by clear and convincing evidence that he is not a danger to the community. Economic danger counts. *United States v. Madoff*, 316 F. App'x 58, 60 (2d Cir. 2009). This is not Fishbein's first offense; he has been convicted in the past of similar conduct. And Judge Crotty found that even at trial, Fishbein continued to lie about material matters. This reflects a lack of remorse and a willingness to repeat the same behavior, which would present a danger to the community. *See United States v. Nicolo*, 706 F. Supp. 2d 330, 335–36 (W.D.N.Y. 2010).

Because Fishbein has failed to show that he is not a flight risk or danger to the community by clear and convincing evidence, the Court cannot grant bail, even if the other conditions were satisfied. *See Rahmankulov*, 2023 WL 3479696, at *1.

The Clerk of Court is directed to terminate Dkt. 171.

SO ORDERED.

Dated: August 20, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge